UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA WHELAN,

Plaintiff,

v.

FRANK J. BISIGNANO,

Defendant.

Case No. 25-cv-08013-AGT

**ORDER RESOLVING CLAIM FOR REVIEW UNDER 42 U.S.C. § 405(g)**

Re: Dkt. Nos. 11, 15

Jessica Whelan has degenerative disc disease, neuropathy and radiculopathy, and is affected by obesity. AR 24. In an application for Social Security disability benefits, she reported that, because of her impairments, she couldn't sit for longer than ten minutes without severe pain or numbness. AR 351. Before an ALJ, she also testified that, because of her pain, she spent 90 to 95 percent of a typical day lying down. AR 66.

The ALJ determined that Whelan's impairments could reasonably be expected to cause her reported pain. AR 29. But for three reasons, the ALJ discounted Whelan's pain testimony and concluded that Whelan could sit for six hours in an eight-hour workday and perform her past work as a tax preparer. AR 28, 30–31, 33.

As explained below, the three reasons given by the ALJ for discounting Whelan's pain testimony weren't "clear and convincing." *Smartt v. Kijakazi*, 53 F.4th 489, 493 (9th Cir. 2022). The Court will thus remand to the Social Security Commissioner for further proceedings. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495–96 (9th Cir. 2015).

Reason 1. The ALJ found that Whelan's spinal imaging was mostly normal. AR 30. Unremarkable imaging "is a factor that the ALJ can consider in his credibility analysis," but it "cannot form the sole basis for discounting pain testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Smartt*, 53 F.4th at 498 ("If objective medical evidence must establish that severe pain exists, subjective testimony serves no purpose at all." (quoting *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987))). The Court must accordingly consider and find convincing one of the ALJ's other stated reasons for discounting Whelan's testimony. *See Burch*, 400 F.3d at 680–81.

Reason 2. The ALJ noted that medical providers, when examining Whelan, often observed "normal range of motion at the lumbar spine and the joints" and "normal motor strength." AR 30–31. The ALJ, however, didn't explain why these findings were inconsistent with Whelan's testimony. Whelan testified that she couldn't sit for longer than ten minutes without severe pain or numbness. AR 351. The link between range of motion and motor strength, on the one hand, and the ability to sit without pain, on the other hand, isn't obvious. And the ALJ didn't connect the dots, as he was required to do. *See Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) (holding that the ALJ erred because he "never connected the medical record to Claimant's testimony"). The Court thus concludes that the cited clinical findings weren't a convincing reason for discounting Whelan's pain testimony.

Reason 3. Lastly, the ALJ found that Whelan's course of treatment didn't support her pain testimony, in part because she hadn't "pursued . . . physical therapy" despite multiple referrals. AR 31. *See Burch*, 400 F.3d at 681 ("That Burch's pain was not severe enough to motivate her to seek these forms of treatment, even if she sought some treatment, is powerful evidence regarding the extent to which she was in pain.") (citation modified). Whelan, however, did have ten physical-therapy sessions and requested more. *See* Notes from Visit with Karli Fischer, PA, AR 1024 ("Patient states she has history of herniated disc. She was in physical therapy [and] had 10 sessions and states they were making progress[,] however she needs additional PT."). The ALJ overlooked this evidence of physical therapy, and so his third reason for discounting Whelan's pain testimony rested on a factual error.

* * *

The ALJ's second and third reasons for discounting Whelan's pain testimony weren't convincing, and his first reason cannot stand alone. *Burch*, 400 F.3d at 681. The Court thus concludes that the ALJ didn't satisfy the "clear and convincing reasons" standard and that remand is warranted. *Brown-Hunter*, 806 F.3d at 495–96. Conflicts and ambiguities exist in the record, so the case is remanded for further proceedings, not payment of benefits. *See id.*

**IT IS SO ORDERED.**

Dated: September 15, 2026

Alex G. Tse
United States Magistrate Judge